wood v. Vernon, 1 Strange, 479; Grant v. Vaughan, 3 Burrows, 1516; Ward v. Evans, 2 Ld. Raym. 928, and the case of Lee v. Love, 1 Call (Va.) 497.

THE COURT was of opinion that the action will lie. See the case of Dunlop v. Silver [Case No. 4,169]. MARSHALL, Circuit Judge, contra.

2. The plaintiff cannot recover on the simple count for money had and received. Because it tends to surprise the defendant. Wood v. Carr's Ex'rs, 1 Call (Va.) 232. But this objection was unanimously overruled by the court.

3. The evidence relied on to prove the usury, was that the note with the indorsement of the defendants and McClenachan was put into the hands of Simms, a broker, to raise money upon. With the note, which was for $1500 at 60 days, Simms purchased flour from Scott which he sold for $1200 cash, and paid it to McClenachan.

THE COURT refused unanimously to instruct the jury that the transaction was usurious.

A bill of exceptions was taken on the two first points, and the judgment reversed in the supreme court of the United States. See 1 Cranch [5 U. S.] 290.

[NOTE. Subsequently complainants brought a bill in equity, which was decreed to be dismissed in this court, it being held that there was no equity in the bill. Case unreported. From that decree the complainants appealed to the supreme court, where the decree was reversed, and the defendants directed to pay the amount of the note to the plaintiffs. 5 Cranch (9 U. S.) 322. A mandate was issued on this reversal, but nothing was said about costs, and the attorney for plaintiffs moved the court for a further mandate to the circuit court, to award the costs of that court. It was held that the court below was competent to award costs in a chancery suit in that court, and, in case of a mandate, may issue execution therefor. 6 Cranch (10 U. S.) 86.]

## Case No. 11,808.

RIDDLE v. MARSHAL OF THE DISTRICT OF COLUMBIA.

[1 Cranch, C. C. 96.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

EXECUTION—DELIVERY OF WRIT—SERVICE.

A fi. fa. first delivered to the marshal, will supersede a fi. fa. delivered to a constable subsequently, but first levied.

A justice of the peace for Alexandria county issued a fi. fa. on the 30th of September, 1801, in the case of Riddle v. Kell, for $19.44, and 58 cents costs, which was delivered to Abercrombie, a constable, on the 11th of March, 1802. On the 3d of March, 1802, a fi. fa. was issued from the clerk's office of Alexandria county, against Kell, at the suit of the United States for a fine or forfeiture,

and came to the hands of the marshal on the 9th of March, 1802, who afterwards levied it on the goods in the hands of the constable taken on the justice's fi. fa.

Mr. Taylor, for Joshua Riddle, moved the court to quash the service of the fi. fa. of U. S. v. Kell, and for a rule on the marshal to return the goods to the constable, on the ground of their being in the custody of the law, and cited 10 Vin. Abr. 561. Goods in execution, though wrongfully, being once seized and in custody of the law, cannot be seized again by the same or any other sheriff, and if they are sold thereon, such bargain is void. Per Holt, C. J., Bachurst v. Clinkard, 1 Show. 174.

Before KILTY, Chief Judge, and MARSHALL and CRANCH, Circuit Judges.

KILTY, Chief Judge, was for granting the motion. MARSHALL. Circuit Judge, for discharging the rule, because there did not appear to be any means of quashing the justice's execution. CRANCH, Circuit Judge, for discharging the rule because the justice's warrant did not appear to be regular; and if Riddle has been injured, he may bring his action. Rule discharged.

RIDDLE (RAMSAY v.). See Case No. 11,- 544.

RIDDLE (UNITED STATES v.). See Case No. 16,162.

## Case No. 11,809.

RIDDLE v. MOSS.

[Cited in Virginia v. Evans, Case No. 16,969. Nowhere reported; opinion not now accessible. Reversed by the supreme court in 7 Cranch (11 U. S.) 206.]

## Case No. 11,810.

RIDDLE v. MOTT.

[2 Cranch, C. C. 73.] [1]

Circuit Court, District of Columbia. April Term, 1813.

NOTES — INDORSER — DEMAND AND NOTICE— MAKER'S INSOLVENCY.

Demand, and notice to the indorser, are not necessary in Virginia, if the maker was so insolvent that they could be of no use to the defendant.

Assumpsit against the defendant as indorser of Patrick Ramsay's note.

THE COURT instructed the jury that, under the law of Virginia, it was not necessary to prove a demand upon Ramsay, and notice to the defendant, if they should be satisfied by the evidence, that Ramsay was so insolvent, when the note became payable, (April, 1808,) that such demand and notice would not have been a benefit to the defendant. Quære.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]